UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CURTIS GENE THORNTON,<br><br>         Petitioner,<br><br>    vs.<br><br>DAN PACHULKE,<br><br>         Respondent. | NO.  CV-07-280-CI<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING TRANSFER TO NINTH CIRCUIT COURT OF APPEAL |

BEFORE THE COURT is Petitioner's "Motion to Reverse the Recommendation of the U.S. Magistrate Judge . . ." (Ct. Rec. 10), which the court construes as his Objections to the Report and Recommendation to transfer this case to the Ninth Circuit Court of Appeals.

Petitioner argues such a transfer would create an "inordinate" delay and he is entitled to have his habeas action decided promptly. Contrary to Petitioner's assertions, however, a federal district court has no authority to consider his successive habeas petition in the absence of authorization from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Accordingly, **IT IS ORDERED** the Report and Recommendation (Ct. Rec. 9) is **ADOPTED in its entirety.**

On February 26, 2001, the Honorable Wm. Fremming Nielsen

ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING TRANSFER TO NINTH CIRCUIT COURT OF APPEAL -- 1

dismissed with prejudice Mr. Thornton's prior habeas corpus petition challenging his 1997 Spokane County convictions for First Degree Robbery and First Degree Possession of Stolen Property. *See* CV-00-5006-WFN.  Petitioner's claim of ineffective assistance of trial counsel was decided on the merits after briefing by Petitioner and Respondent.  Judge Nielsen determined the state court had not erred in concluding Mr. Thornton received effective assistance of counsel. *See* CV-00-5006-WFN, Ct. Rec. 13).  No appeal of that determination was taken.

Pursuant to 28 U.S.C. § 2244, Petitioner was required to file a motion with the Ninth Circuit Court of Appeals for an order authorizing this court to consider this petition.  Petitioner makes no assertion and presents no documentation showing he complied with this requirement.

When a second or successive petition is mistakenly submitted to the district court, that court shall refer it to the court of appeals. Ninth Circuit Rule 22-3(a).  Accordingly, **IT IS ORDERED** this case is **TRANSFERRED** to the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3(a).

Petitioner is advised this transfer does not of itself constitute compliance with § 2244(b)(3) and Ninth Circuit Rule 22-3; he must still file an application for leave to proceed in the Court of Appeals and make the showing required by § 2244(b)(2).  Petitioner is directed to consult this statute and Ninth Circuit Rule 22-3 for further information.

///

ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING TRANSFER TO NINTH CIRCUIT COURT OF APPEAL -- 2

**IT IS SO ORDERED.** The District Court Executive is directed to transfer all original documents to the Ninth Circuit Court of Appeals. The District Court Executive shall, however, retain a copy of the petition and of this Order in the file. The District Court Executive is further directed to enter this Order, forward a copy to Petitioner, and close the file.

**DATED** this 13th day of November 2007.

*s/ Robert H. Whaley*

Robert H. Whaley
Chief United States District Judge

Q:\CIVIL\2007\thornton.rr.wpd

ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING TRANSFER TO NINTH CIRCUIT COURT OF APPEAL -- 3